Stephen WACK, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 04–35089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Nov. 2, 2005.

David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

David M. Blume, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Stephen Wack appeals the district court's affirmance of the Social Security Commissioner's denial of his application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401–431, and for supplemental security income benefits pursuant to Title

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. The Administrative Law Judge ("ALJ") found that Wack retained the ability to work as a gate guard, a position he had held before the drug overdose that resulted in his alleged disability.[1] Thus, the ALJ concluded that Wack was not disabled within the meaning of the Social Security Act. The Appeals Council declined Wack's request for review, and the district court affirmed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

■ The ALJ's determination that Wack is capable of performing his past relevant work as a gate guard, as that work is generally performed in the national economy, is supported by substantial evidence.[3] In reaching this conclusion, the ALJ properly applied Social Security Report (SSR) 82–62, *available at* 1982 WL 31386, and posed a complete hypothetical question to the vocational expert.

■ The ALJ also properly considered the medical opinions of Wack's treating physicians. The ALJ rejected Dr. Mertens's 1998 opinion that Wack could lift only ten pounds and was limited to ten-minute walks because this opinion was unsupported by the record as a whole, and in his May 2002 hearing Wack personally testified that he was able to lift up to twenty pounds and walk two miles. The ALJ also afforded little weight to Dr. Valleroy's 1997 opinion that Wack was disabled for purposes of competitive employment because it was rendered shortly after Wack's drug overdose in February 1997, and before Wack had experienced any significant improvement.

■ Next, the ALJ properly evaluated the credibility of each lay witness and noted reasons germane to each witness to support his conclusions. In addition, the ALJ accounted for the credible limitations described by those witnesses in limiting Wack to a job allowing him to sit or stand "at will," requiring only occasional fine manipulation with his hands, and not involving climbing stairs or walking on wet or uneven surfaces.

■ In evaluating Wack's subjective symptom testimony, the ALJ properly conducted the two-step analysis required by *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996), and considered the credibility factors contained in SSR 96–7p, *available at* 1996 WL 374186. Furthermore, the ALJ's determination that Wack's testimony was "not entirely credible" was supported by the testimony's inconsistency with objective medical evidence, Wack's noncompliance with his prescribed treatment, hearing demeanor, and inconsistent statements about his substance abuse.

■ The ALJ also properly considered the combined effects of Wack's impairments without calling a medical expert to determine whether Wack's impairments equaled a listed impairment under 20

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. We review the district court's judgment *de novo* to determine whether the ALJ's decision is supported by substantial evidence in the record as a whole and applies the correct legal standards. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir.2001). Substantial evidence is such relevant evidence that a reason-able mind might accept as adequate to support a conclusion. *Id.* If evidence exists to support more than one rational interpretation, this court must defer to the ALJ's decision. *Id.*

3. A finding of "not disabled" may be based on the claimant's ability to perform past relevant work either as he performed it in the past, or as that work is generally performed in the national economy. 20 C.F.R. § 404.1520.

C.F.R. § 1520(a)(4)(iii). Contrary to Wack's assertion, the ALJ acted within his discretion in relying on the 1997 reports of Disability Determination Service reviewing physicians, Dr. Bob Smith, Ph.D., Dr. Anderson, Ph.D., and Dr. Charles Spray, M.D. without calling a medical expert at the final hearing because all post-1997 medical evidence showed significant improvement in Wack's medical condition and functional capabilities. *See* SSR 86–8, *available at* 1986 WL 68636.

The ALJ properly assessed whether Wack is capable of working on a regular and continuing basis and of performing sustained work activity in light of his myoclonus and fatigue and accommodated these restrictions in determining Wack's residual functional capacity. Each of the elements of Wack's residual functional capacity is supported by substantial evidence. Wack's allegation that the ALJ erred by failing to perform a function-by-function assessment of the mental demands of competitive work is without merit because the ALJ discussed all the plausible mental limitations that the record could reasonably support and concluded that none had a significant effect on Wack's ability to perform work activities. *See* SSR 85–16, *available at* 1985 WL 56855.

Because the ALJ's denial of benefits was supported by substantial evidence and applied the correct legal standards, the decision of the district court is AFFIRMED.